[Civ. Nos. 9556, 9557.  Fourth Dist., Div. One.  Jan. 15, 1970.]

STERLING LIQUOR DISTRIBUTORS, INC., Plaintiff and Respondent, v. COUNTY OF ORANGE et al., Defendants and Appellants.

(Two Cases.)

## COUNSEL

Adrian Kuyper, County Counsel, Timothy L. Strader and Laurence M. Watson, Deputy County Counsel, for Defendants and Appellants.

Latham & Watkins and Donald P. Newell for Plaintiff and Respondent.

## OPINION

**GRIFFIN, J.***—Defendants County of Orange and City of Buena Park appeal from two judgments for plaintiff in actions for refund of ad valorem property taxes. The cases were consolidated for trial and on appeal.

The facts are stipulated by the parties.

1. Plaintiff is an importer of liquor.

2. The imported liquors were kept in their original cartons upon receipt by plaintiff. They were separated from the domestic liquors and stacked in their unopened cases according to brand. The imported liquors were resold in their original unopened cases, except where individual orders were received for less than case lots. When orders for less than case lots were received, such orders were filled from a separate section of the warehouse known as the "repack area." Only in that area were any broken cases to be found.

3. Plaintiff did not use the liquor for any purpose; it was retained by plaintiff at its warehouse until sold to plaintiff's wholesale customers.

4. Defendants assessed ad valorem property taxes on the unopened cases of liquor held by plaintiff in the years 1966-67 and 1967-68. Plaintiff paid the taxes of $9,998.09 and $1,142.50 respectively for those two years under protest.

5. These suits for refund were timely filed.

6. Following trial the court entered judgment for plaintiff in both cases for the full amount of the tax.

### Issues on Appeal

". . . [w]hether or not Article I, Section 10, Clause 2 of the United States Constitution precludes the levy of . . . ad valorem property tax on goods

---

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

imported for resale while such goods are held by the importer in their original packages.

". . . [w]hether or not goods imported for sale should be treated in the same manner as goods imported for use (manufacture) for purposes of the California ad valorem property tax."

■ Defendants' basic contention on appeal is that this court should abrogate the "original package doctrine" as first enunciated by the United States Supreme Court in *Brown* v. *Maryland,* 25 U.S. (12 Wheat.) 419 [6 L.Ed. 678]. That doctrine, which has been continuously followed since the time of its inception by the high court, prohibits tax upon goods imported for sale while they retain their character as imports. (*Low* v. *Austin,* 80 U.S. (13 Wall.)29 [20 L.Ed. 517]; *Department of Rev.* v. *James B. Beam Distill. Co.,* 377 U.S. 341 [12 L.Ed.2d 362, 84 S.Ct. 1247]; *Parrott & Co.* v. *City & County of San Francisco,* 131 Cal.App.2d 332 [280 P.2d 881].)

Defendants concede in their brief that if *Brown* v. *Maryland, supra,* 25 U.S. (12 Wheat.) 419, applies to this case the Orange County property tax could not be constitutionally applied to the liquor here involved. Defendants rely upon the cases of *Youngstown Sheet & Tube Co.* v. *Bowers,* 358 U.S. 534 [3 L.Ed.2d 490, 79 S.Ct. 383]; *Virtue Bros.* v. *County of Los Angeles,* 239 Cal.App.2d 220 [48 Cal.Rptr. 505] and *C. Adolph Low & Co.* v. *Austin,* 1 Cal. Unrep. 638 to support their contention. They maintain that since those cases have held that imports which are to be used for manufacture, and have completed the importation process, are taxable by the states, goods imported for sale should be subject to the same taxation. They further assert that *Youngstown* expressly overruled *Low* v. *Austin, supra,* 80 U.S.(13 Wall.)29 [20 L.Ed. 517], a California case in which the United States Supreme Court held that imported liquor was not subject to an ad valorem property tax while it was still in its original package.

However, defendants' argument finds no support in the cases upon which they relied. *Youngstown* clearly states it is only concerned with goods imported for manufacture and, further, that such goods do not lose their character as imports any sooner or more readily than imports for sale. The fact situation in *Youngstown* was such that the goods were being used for the purpose for which they had been imported. It was upon that basis the Supreme Court sanctioned taxation.

*Virtue Bros.* v. *County of Los Angeles, supra,* 239 Cal.App.2d 220, not only does not overrule the long chain of cases concerning goods imported for sale, but specifically excludes such imports from its decision. At page 223, the court says: "*Youngstown* does not permit the type of state tax

here levied on materials imported for sale. *Youngstown* affirms that materials imported for sale are still immune."

Further, the Supreme Court has affirmed its stand after the *Youngstown* decision. In *Department of Rev.* v. *James B. Beam Distill. Co.* (1964) *supra,* 377 U.S. 341, 345 [12 L.Ed.2d 362, 365, 84 S.Ct. 1247], the court again relied upon *Low* v. *Austin, supra,* 80 U.S. (13 Wall.) 29 [20 L.Ed. 517], and decided a case in which the fact situation was identical with the one at bar. It held: "The tax here in question is clearly of a kind prohibited by the Export-Import Clause. *Brown* v. *Maryland,* 12 Wheat., 419 [6 L.Ed. 678]. As this Court stated almost a century ago in *Low* v. *Austin,* 13 Wall. 29, 20 L.Ed. 517, a case involving a California *ad valorem* tax on wine imported from France and stored in original cases in a San Francisco warehouse, 'the goods imported do not lose their character as imports, . . . until they have passed from the control of the importer or been broken up by him from their original cases. Whilst retaining their character as imports, a tax upon them, in any shape, is within the constitutional prohibition.' [Citations.]" (*Department of Rev.* v. *James B. Beam Distill. Co.,* 377 U.S. 341 [12 L.Ed.2d 362, 84 S.Ct. 1247].)

Judgments affirmed.

Brown (Gerald), P. J., and Coughlin, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied March 11, 1970.